IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OVALLE, | CASE NO. CV-F-12-292 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Docs. 4, 6) |
| vs. | |
| LIBERTY MUTUAL INSURANCE CO., | |
| Defendant. | |

### INTRODUCTION

Plaintiff David Ovalle ("Mr. Ovalle"), proceeding in propria persona, initiated this action against defendant Liberty Mutual Insurance ("Liberty Life")[1] in state court, asserting causes of action for breach of contract, bad faith and fair dealing, and unreasonable delay or withholding of benefits. Liberty Life removed this action to this Court and moved to dismiss it, arguing that Mr. Ovalle's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq., as amended ("ERISA"). Mr. Ovalle failed to oppose this motion. Having considered the moving papers, the complaint, and the applicable law, this Court GRANTS Liberty Life's Fed. R. Civ. P. 12(b)(6) motion to dismiss. Mr. Ovalle is GRANTED leave to amend, with an amended complaint due no later than April 24, 2012.

---

[1] Mr. Ovalle erroneously sued Liberty Life Assurance Company of Boston ('Liberty Life") under the name of Liberty Mutual Insurance Company. In his complaint, Mr. Ovalle acknowledges that Liberty Life is the insurer of the policy, but erroneously alleges that Liberty Life is doing business as Liberty Mutual Insurance Company. This Court shall refer to defendant Liberty Life in this opinion under its correct name.

1

# BACKGROUND

## Factual Background

Liberty Life is the insurer for the Group Disability Income Policy ("Policy"), issued to The McClatchy Company. The Policy insures long term disability benefits provided to The McClatchy Company employees and employees of its affiliated companies that are participants in employee welfare benefit plan established and maintained by The McClatchy Company ("the Plan"). The Fresno Bee is an affiliated company of The McClatchy Company that participates in the Plan.

Mr. Ovalle is a former employee of the Fresno Bee and was a Plan participant. Mr. Ovalle alleges that he became disable by a combination of injuries or conditions, some of which were sustained in the course and scope of employment. In 2008, he applied for long term disability benefits pursuant to the Plan, but Liberty Life denied his claim. Mr. Ovalle seeks recovery of long term disability benefits he alleges were wrongfully denied or withheld, compensatory and punitive damages ,and injunctive relief to enjoin Liberty Life from continuing to deny or withhold long term disability benefits from Mr. Ovalle.

## Procedural Background

Liberty Life removed this action to federal court on February 27, 2012. Liberty Life moved to dismiss this action on March 5, 2012. Liberty Life's notice of the motion was ambiguous as to the hearing date and time. Although the caption correctly noted that the date of the hearing would be April 9, 2012 at 8:30 a.m., the body of the notice asserted that the hearing would take place on "April 9, September 21, 2011 at 9:00 a.m." Liberty Life filed an amended notice of the motion and hearing date on March 12, 2012. Again, the hearing date and time in the caption differs from the hearing date and time in the body of the notice. The caption correctly notes the date and time of the motion hearing to be April 9, 2012 at 8:30 a.m. But the body of the notice incorrectly notices the hearing to take place on "April 9, 2011 at 9:00 a.m."

Because of the inconsistencies and errors of the notices, and because this Court found this motion suitable for a decision without a hearing, this Court vacated the hearing on this motion pursuant to Local Rule 230(g). This Court allowed 21 days from the amended notice for an opposition to be filed. No opposition was filed and nor did Mr. Ovalle file an amended complaint.

## STANDARDS OF REVIEW

Liberty Life moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint or countercomplaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff or counterclaimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*,572 F.3d 962, 969 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). In practice, a counterclaim "must contain either direct or inferential allegations respecting all the material

elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

In ruling on a motion to dismiss, this Court may consider the complaint, any exhibits attached thereto, documents the complaint necessarily relies on, and matters that may be judicially noticed pursuant to Fed. R. Civ. P. 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). To be judicially noticeable, a fact must not be subject to a reasonable dispute because it must be either generally known within the territorial jurisdiction of the court or "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

## DISCUSSION

Liberty Life argues that ERISA preempts Mr. Ovalle's breach of written contract, breach of implied covenant of good faith and fair dealing and fraud causes of action against it. ERISA's purpose is to provide "a uniform regulatory regime over employee benefit plans," ERISA "includes expansive pre-emption provisions ... which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health*, 542 U.S. at 209. The ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

### The Policy is an ERISA plan

The first question this Court considers is whether the Policy is one that falls within ERISA's preemption. ERISA broadly preempts state laws that "relate to any employee benefit plan" as described by ERISA. 29 U.S.C. § 1144(a); *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 (9th Cir.1998); *see also, Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). An employee welfare benefit plan is a plan, fund or program "established or maintained by an employer" to provide medical, surgical, or hospital care or benefits. 29 U.S.C. § 1002(1)(A); *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

From the allegations of the complaint, this Court finds that the Plan is an ERISA plan. The Liberty Life policy is part of an ERISA "employee welfare benefit plan," as it provides insurance for the long term disability benefits as part of an employee welfare benefit plan established and maintained by The McClatchy Company for the benefit of its employees and affiliated companies. Mr. Ovalle alleges entitlement to benefits under this Plan. Accordingly, this Court finds that the Plan that forms the basis of Mr. Ovalle's complaint is an ERISA plan.

### Mr. Ovalle's State Law Claims "Relate to" the ERISA Plan

This Court next considers whether Mr. Ovalle's claims "relate to" the ERISA plan. If the state law claims relate to the ERISA plan, they are preempted. A common law claim "relates to" an employee benefit plan governed by ERISA "if it has a connection with or reference to such plan." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). Under the relationship test, courts "look to whether the state law encroaches on relationships regulated by ERISA, such as between plan and plan member, plan and employer, and plan and trustee." *Blue Cross of California v. Anesthesia Care Assoc.*, 187 F.3d 1045, 1053 (9th Cir.1999). Common law claims do not "relate to" an ERISA plan when the "adjudication of the claim required no interpretation of the plan, no distribution of benefits, and no dispute regarding any benefits previously paid." *Peralta v. Hispanic Busisness, Inc.*, 419 F.3d 1064, 1069 (9th Cir.2005). However, where a claim requires interpretation of an ERISA plan or law, ERISA preemption exists. *See Peralta*, 419 F.3d at 1069. Mr. Ovalle can avoid ERISA preemption only if he identifies a separate contract between the parties, or alleges a specific misrepresentation that does not require interpretation of the Fund or Plan and would not affect relationships of ERISA participants. *See Geweke Ford v. St. Joseph's Omni Pref. Care Inc.*, 130 F.3d 1355, 1358 (9th Cir.1997).

In his complaint, Mr. Ovalle seeks (1) benefits he alleges are due to him under the Plan; (2) compensatory and punitive damages as a result of Liberty Life's alleged bad faith conduct; and (3) injunctive relief to enjoy Liberty Life from continuing to deny him or withhold from him long term disability benefits. From these damages, Liberty Life surmises that Mr. Ovalle asserts causes of action for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) fraud. The Court agrees with Liberty Life's assessment of the asserted claims.

Because Mr. Ovalle asserts state law tort and contract claims that relate to an ERISA plan, Mr. Ovalle is unable to avoid ERISA preemption. *See Bast v. Prud. Ins. Co. of America*, 150 F.3d 1003, 1007 (9th Cir. 1998) (any state law cause of action is preempted by ERISA if it relates to an employee benefit plan). The claims are between the Plan and the plan member. The claims are based on the plan member's disagreement with the Plan's denial of his application for long term disability benefits pursuant to the Policy. The resolution of Mr. Ovalle's claims requires interpretation of the Policy. Whether or not Liberty Life "breached" the ERISA Plan by denying Mr. Ovalle his requested long term disability benefits, acted in bad faith in denying the request, and whether this Court should grant injunctive relief related to those benefits are all questions that encroach into the area of ERISA. Accordingly, Mr. Ovalle's claims are preempted by ERISA. *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987) (plaintiff's state common law and contract claims are preempted under ERISA because plaintiff is seeking payments for benefits under an employee welfare plan).

**Leave to Amend to State Cognizable ERISA Claims**

Although Mr. Ovalle's state law claims are preempted, he may be able to state a cognizable ERISA claim. Pursuant to ERISA:

> [a] civil action may be brought-
>
> (1) by a participant or beneficiary-
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan

29 U.S.C. § 1132(a). Pursuant to Fed. R. Civ. P. 15, this Court GRANTS Mr. Ovalle leave to amend to state a claim pursuant to ERISA's uniform structure. Mr. Ovalle must file the amended complaint, if any, with this Court no later than April 24, 2011.

### CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS Liberty Life's motion to dismiss;

2. GRANTS Mr. Ovalle leave to amend to state a cognizable claim pursuant to ERISA claim; and

3. Mr. Ovalle's amended complaint must be filed and served no later than April 24, 2012.

IT IS SO ORDERED.

Dated:   April 11, 2012

CHIEF UNITED STATES DISTRICT JUDGE